**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID HOWELL,<br><br>               Plaintiff-Appellant,<br><br> v.<br><br>CHUCK ALLEN; et al.,<br><br>               Defendants-Appellees. | No.   19-16495<br><br>D.C. No.<br>3:17-cv-00449-MMD-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted August 7, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

David Howell, proceeding *pro se*, appeals the district court's order granting

summary judgment for Appellees. We have jurisdiction under 28 U.S.C. § 1291

and, on de novo review, *Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir.

2018), we affirm.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The district court did not err in granting summary judgment on Howell's deliberate indifference claims. As to Sheriff Allen, the record lacks evidence of his knowledge of the roof construction work, defeating this claim. *See Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (to establish deliberate indifference claim, must demonstrate "the defendant made an intentional decision" on confinement conditions). As to Officers Smith and Hagan, summary judgment was appropriate as Howell failed to establish their behavior rose to the level of deliberate indifference that caused him to fall ill. *See id.* (causation must be established for deliberate indifference claim to succeed).

2. The district court did not err in granting summary judgment on Howell's equal protection clause claim against Smith and Hagan, as the record does not establish Smith and Hagan intentionally treated Howell differently than similarly situated individuals. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030–31 (9th Cir. 2013) (affirming summary judgment where no evidence that officers treated the appellant differently than others in relevant class); *Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) (for class of one theory, individual must establish less favorable treatment than others generally).

**AFFIRMED.**